```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                           Alexandria Division

DONALD T. MURDOCK, JR.        )
                              )
        Plaintiff,            )
                              )
        v.                    )     1:05cv1195(JCC)
                              )
WILSON TRUCKING CORPORATION,  )
                              )
        Defendant.            )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's Motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the following reasons, the Court will grant Defendant's Motion.

**I.  Background**

Plaintiff, Donald T. Murdock, Jr., formerly worked for Defendant, Wilson Trucking Corporation ("Wilson"), as a dock work supervisor.  According to the allegations of the Complaint, Murdock overheard one of Wilson's employees make offensive comments about his coworkers, calling one employee that "old man" and calling another that "black guy."  Murdock claims that he reported these comments to Wilson's management and that he was demoted and received a pay cut almost immediately thereafter.

Murdock filed a Motion for Judgment in the Fairfax County Circuit Court, alleging that his demotion constituted retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and in violation

of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.  On October 13, 2005, Wilson removed the action to this Court and simultaneously filed the present Motion to dismiss.

## II.  Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.

Although a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the

complaint clearly reveals the existence of a meritorious affirmative defense.  *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996) (internal citations omitted) (statute of limitations defense is an affirmative defense that merits a dismissal pursuant Rule 12(b)(6)).  *See also* 5B Wright & Miller, *Federal Practice and Procedure* § 1357 ("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

### III.  Analysis

In his charge filed with the EEOC in this case, Murdock stated that the latest date on which the alleged discrimination occurred was March 31, 2003.  Murdock filed the charge of discrimination with the EEOC on February 4, 2004,[1] which was 310 days after the latest date of the alleged discrimination.  In its Motion to dismiss, Wilson argues that Murdock's civil action is barred by the limitations provisions of Title VII and the ADEA.

---

[1] The Court notes Wilson's contention that Murdock's February 4, 2004 letter to the EEOC did not constitute a complete charge of discrimination and that Murdock did not actually file his charge until May 3, 2004.  For purposes of this Motion to dismiss, however, the Court will assume that Murdock's February 4, 2004 letter and attached complaint constituted a filed charge of discrimination.  *See* 29 C.F.R. § 1601.12(b) ("[A] charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.").

Under the identical enforcement schemes of Title VII and the ADEA, a plaintiff must exhaust administrative and state remedies prior to filing a lawsuit.  *See* 42 U.S.C. § 2000e-5; 29 U.S.C. § 626; *Young v. Nat'l Ctr. for Health Servs. Research*, 828 F.2d 235, 237 (4th Cir. 1987).  In a "deferral state," such as Virginia, the plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the appropriate state deferral agency within 300 days from the latest date of the alleged discrimination.  *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2); *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 (4th Cir. 2002) (noting that Virginia is a "deferral state").  Murdock filed his charge of discrimination ten days after the expiration of the limitations period.

To avoid application of the statute of limitations, Murdock argues that he was unaware of the exact date of the retaliation and merely approximated in his EEOC charge that the event occurred on March 31, 2003.  However, as the Fourth Circuit has made clear, "[a] plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).  In this regard, the Court will consider the date of the alleged retaliatory action to be that which Murdock listed, under oath, in his EEOC charge.  Moreover, where a defendant appropriately raises the contention that a plaintiff's Title VII claim is time-

barred, the burden of proving that the limitations period has been satisfied falls on the plaintiff. *Williams v. Enterprise Leasing Co.*, 911 F. Supp. 988, 993 (E.D. Va. 1995). The bare assertion that his sworn charge of discrimination was only an approximation of the date of retaliation and that the actual date might have been more than ten days later does little to satisfy this burden.[2]

Murdock also argues that the continuing violation doctrine applies to his claim. This doctrine holds that

> [i]f one act in a continuous history of discriminatory conduct falls within the charge filing period, then acts that are plausibly or sufficiently related to that act which fall outside the filing period may be considered for purposes of liability even though these acts cannot serve as the basis for an EEOC charge.

*Lewis v. Norfolk S. Corp.*, 271 F. Supp. 2d 807, 812 (E.D. Va. 2003). Murdock contends that even if the allegedly retaliatory acts (namely, his demotion and reduction in pay) occurred outside of the statutory filing period, Wilson's failure to repromote him was a related act that occurred within the 300-day period.

The continuing violation doctrine is inapplicable where a plaintiff alleges the existence of only discreet discriminatory actions. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("[D]iscrete discriminatory acts are not actionable if

---

[2] As Wilson correctly notes, if the Court were to give full credit to Murdock's "approximation" theory, it would still be equally likely that the actual date of the alleged retaliation occurred earlier than March 31, 2004 or at some other point outside of the 300-day limitations period.

time barred, even when they are related to acts alleged in timely filed charges.  Each discrete discriminatory act starts a new clock for filing charges alleging that act.").  According to the Fourth Circuit, "an employee must file a charge of discrimination within the appropriate limitations period as to each discrete act of discrimination that occurred."  *Williams v. Giant Food Inc.*, 370 F.3d 423, 429 (4th Cir. 2004).  Discrete discriminatory actions are "easily identifiable" and include termination, failure to promote, denial of transfer, and refusal to hire. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114.  An allegation of retaliatory demotion and reduction in pay clearly falls within this category of discrete actions, as opposed to subtler discriminatory conduct such as that which would form the basis for a hostile work environment claim.  Because Murdock alleges only discrete retaliatory actions, the continuing violation doctrine is inapplicable.

Murdock's contention that Wilson failed to repromote him at some point within the statutory limitations period does not prevent dismissal of this action. As stated above, "[a] plaintiff's EEOC charge defines the scope of her subsequent right to institute a civil suit."  *Smith*, 202 F.3d at 247.  Murdock's EEOC charge alleged one and only one act of retaliation:  the March 31, 2003 demotion and reduction in pay.  Because Murdock did not charge a failure to repromote, Murdock cannot raise such

a claim before this Court.  Essentially, what remains is a claim by Murdock that, at some point within the 300-day limitations period, Wilson failed to remedy its earlier allegedly retaliatory demotion and reduction in pay.  It is clear that an employer's refusal to undo an alleged prior act of retaliation does not constitute a new retaliatory act.  *See, e.g., Stewart v. Booker T. Washington Inst.*, 232 F.3d 844, 853 (11th Cir. 2000); *Lever v. Northwestern Univ.*, 979 F.2d 552, 556 (7th Cir. 1992).  Taking Murdock's contentions as true, he has alleged only a single retaliatory act, and he has presented no evidence that the act occurred within the statutory limitations period.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  An appropriate Order shall issue.

January 24, 2006                    _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE